UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No. 8:21-cv-00800

WRENITA Y. RANDALL,

    Plaintiff,

v.

CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM,

    Defendant,

_____/

## COMPLAINT

**NOW COMES** WRENITA Y. RANDALL, by and through her undersigned counsel, complaining of Defendant SPECTRUM, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 45 U.S.C. §227 *et. seq.* and the Florida Consumer Collection Practices Act ("CCPA"), Fla. Stat. §559.55 *et. seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. WRENITA Y. RANDALL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Plant City, Florida.

1

5. Plaintiff is a "person" as defined by 45 U.S.C. §153(39).

6. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

7. Charter Communications, Inc. d/b/a Spectrum ("Spectrum" or "Defendant") provides communication services through the state of Florida.

8. Defendant maintains its principal place of business at 400 Atlantic Street, 10th Floor, Stamford, Connecticut 06901.

9. Defendant is a "person" as defined by 45 U.S.C. §153(39).

10. Defendant is a "creditor" as defined by Fla. Stat. § 559.55(5).

11. Defendant provides cable and broadband services to consumer across the country.

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1731.

13. At all times relevant, Plaintiff's number ending in 1731 was assigned to a cellular telephone service as defined by 47 U.S.C. §227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. At some point in time, Plaintiff's mother obtained services from Spectrum.

16. Unfortunately, Plaintiff's mother passed away, leaving an alleged balance on her account with Spectrum ("subject debt").

17. In or around January 2021, Plaintiff started receiving unwanted and unconsented to calls from Defendant in an attempt to collect on the subject debt.

18. During the first phone call in January 2021, Plaintiff was advised that Defendant was attempting to collect upon the alleged subject debt.

19. Plaintiff advised Defendant that her mother is deceased.

20. In response, Defendant's representative stated you can pay off your mother's debt then.

21. Plaintiff explained that she doesn't understand why Defendant is calling her considering she does not owe this debt and did not provide this number to Defendant.

22. Defendant explained that this is the number they have and will continue to call until payment has been made.

23. Plaintiff responded by explaining she no longer wished to receive calls regarding the alleged subject debt.

24. Unfortunately, Defendant continued to place calls to Plaintiff attempting to collect the subject debt.

25. In or around the beginning of March 2021, Plaintiff again spoke with Defendant and requested that the phone calls cease.

26. In response, Defendant reiterated, "This is the number we have on file and that is why we are calling you."

27. In all, Plaintiff has requested on at least 6 different phone calls with Defendant that the phone calls cease.

28. Unfortunately, Defendant has continued to place phone calls to Plaintiff despite Plaintiff's request that the phone calls cease.

29. In total, Defendant has placed no less 15 unwanted and unconsented to phone calls to Plaintiff since she requested that the phone calls cease.

30. During these phone calls, Plaintiff heard a pause and had to say "hello" several times before a live representative answered.

31. Defendant placed these calls from various phone numbers, including but not limited to the phone number (877) 766-8523.

32. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

33. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## DAMAGES

34. Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

35. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

36. Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

37. Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

## COUNT I:

38. Paragraphs 12 through 37 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

39. Defendant placed or caused to be placed at least 15 non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

40. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

41. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

42. Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically.

43. Defendant violated the TCPA by placing harassing phone calls to Plaintiff's cellular phone using an ATDS without her consent.

44. As pled above, Plaintiff revoked consent to be called on her cellular phone on numerous occasions.

45. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

46. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

47. Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

48. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet it continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff, WRENITA Y. RANDALL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the TCPA;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

c. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**

49. Paragraphs 12 through 37 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of Fla. Stat. § 559.72(7)

50. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

51. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010

WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

52. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, WRENITA Y. RANDALL, requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: April 2, 2021                              Respectfully submitted,

**WRENITA Y. RANDALL**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200

Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com